IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DUANE W. SPEARMAN                                                                                       PLAINTIFF

V.                                                                                  NO. 4:14-CV-00173-DMB-SAA

CHRISTOPHER B. EPPS, ET AL.                                                                         DEFENDANTS

### ORDER

This matter is before the Court on the pro se prisoner complaint of Duane Spearman, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the Court notes that Spearman was incarcerated when he filed this suit. Spearman has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Spearman alleges that Defendants denied him access to the courts by denying his requests for access to legal materials regarding Arkansas state law. Defendants have moved for summary judgment. For the reasons below, the motion for summary judgment will be denied.

### Summary Judgment Standard

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts on questions of fact must be resolved in favor of the party opposing summary judgment. *Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted). "When a party moving for summary judgment does not meet its initial summary judgment burden, *the court must deny its motion* even if the nonmoving party did

not file a response." *Clark v. Gonzalez*, 129 F.3d 612, at *2 (5th Cir. 1997) (emphasis added and citation omitted).

**Undisputed Material Facts**

On September 26, 2011, Spearman was convicted of two counts of armed robbery in Washington County, Mississippi. Doc. #23-1.[1] He was remanded to the custody of the Mississippi Department of Corrections ("MDOC") to serve his ten-year sentence. During his incarceration in Mississippi, on May 31, 2012, Spearman was convicted for aggravated robbery, theft of property, and illegal possession of a firearm in Chicot County, Arkansas. Doc. #23-2. The Arkansas court sentenced Spearman to life in prison. Spearman alleges that Defendants, who are all MDOC employees, violated his right to seek redress for grievances by repeatedly denying his access to Arkansas statutes, cases, and other legal materials necessary to challenge his Arkansas convictions. Doc. #1 at 3.

**Discussion**

The sole issue in this case is whether MDOC is required to provide Spearman with legal materials and assistance necessary to challenge his Arkansas convictions, when the Arkansas convictions occurred while Spearman was confined to a MDOC facility based on a Mississippi conviction.

Defendants, relying on *Clayton v. Tansy*, 26 F.3d 980 (10th Cir. 1993), and *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006), argue that Mississippi is not required to provide Spearman with Arkansas legal materials because "Arkansas [is] the 'sending state,' and Mississippi [is] the "receiving state."[2] Doc. #24 at 5 (citing *Clayton*, 26 F.3d at 981) ("citation omitted); *Trujillo*, 465

---

[1] All exhibits referenced herein were submitted in conjunction with Defendants' motion for summary judgment.

[2] The significance of the "sending state" and "receiving state" classification is less than clear. Defendants assert that only the sending state is responsible for providing legal materials. But, in *Lehn v. Holmes,* which Defendants cite for a different proposition, the court explained that both the sending and receiving state "might … be a proper defendant in an access-to-courts claim." 364 F. 3d 862, 866 (7th Cir. 2004).

F.3d at 1218). This argument is unpersuasive because *Clayton* and *Trujillo*, decisions not binding on this Court, are factually distinguishable from this case.

*Clayton* and *Trujillo* both involve the Interstate Corrections Compact ("ICC"). *See Clayton*, 26 F.3d at 981 ("Plaintiff was serving time in the Oklahoma State Prison when he was transferred to the New Mexico state prison system pursuant to an Interstate Corrections Compact (ICC)."); *Trujillo*, 465 F.3d at 1218 ("Mr. Trujillo was transferred from New Mexico to Virginia pursuant to the Interstate Corrections Compact (ICC), which provides for the exchange of inmates between states."). The ICC allows for the exchange of inmates between sending and receiving member states. *Trujillo*, 465 F.3d at 1218. Thus, the ICC is implicated when a convicting state transfers a prisoner to serve his term in an out-of-state facility. Such is not the situation here. Spearman was convicted in Mississippi and is confined in Mississippi. While serving his Mississippi sentence, Spearman was convicted in Arkansas. The record presently before the Court does not indicate that Arkansas sent Spearman to serve his sentence in Mississippi. To the contrary, in a letter to MDOC, the Sheriff of Chicot County states, "Place a detainer on [Spearman]; [w]hen he has served his sentence in Mississippi please call our office. We will transport him." Doc. #23-2. This letter suggests that Spearman has not yet begun to serve his Arkansas sentence. Consequently, Defendants have not established that the ICC is implicated in this case.[3]

Defendants also cite the Seventh Circuit's decision in *Lehn* for the proposition that:

In most cases where prisoners seek out-of-state materials, they are trying to attack, either directly or collaterally, a conviction from that state. The proper defendant in those cases is the state in which the prisoner was convicted.

Doc. #24 at 5 (citing *Lehn*, 364 F. 3d at 866) (citation omitted); *Clayton*, 26 F.3d 980; *Demps v. Florida*, 696 So.2d 1296 (Fla. Dist. Ct. App. 1997); *Salstrom v. Arizona*, 714 P.2d 875 (Ariz. Ct. App.

---

[3] Defendants have not provided any facts affirmatively demonstrating that Arkansas is the "sending state" and Mississippi is the "receiving state." Defendants simply state that this is so in their motion.

1986)). This language in *Lehn* is dicta which appears to have never been relied on for the asserted proposition and which itself cites inapposite authority.[4]

There is, however, a Fifth Circuit case which, though not precisely on point, tends to support Spearman's argument. In *Anderson v. Bureau of Prisons*, 265 F. App'x 326 (5th Cir. 2008), the plaintiff, a federal prisoner, alleged that the United States Bureau of Prisons violated his right of access to the courts by failing to provide access to state legal materials. The district court in *Anderson* dismissed the allegation for failure to state a claim upon which relief could be granted. The Fifth Circuit reversed the district court, however, finding that "Anderson sufficiently alleged that the BOP deprived him of the ability to file a non-frivolous challenge to his prior convictions." *Anderson*, 265 F. App'x at 327. Anderson brought his case under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which permits suits against federal government actors, rather than under 42 U.S.C. § 1983, which permits suits against state government actors. *Anderson* is a useful case because "a *Bivens* action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 (2006).

Based on *Anderson*, and the authority and arguments presently before the Court, Defendants have failed to demonstrate that they are entitled to judgment as a matter of law.[5] Consequently, the motion for summary judgment will be denied. However, given that the material facts are not disputed regarding Spearman's claim, the denial will be without prejudice, and the Court will allow the parties

---

[4] As discussed above, *Clayton* involved the ICC, which is not applicable in this case. Similarly, *Boyd* and *Salstrom* also involved the ICC. *See Boyd v. Wood*, 52 F.3d 820, 821 ("because Kansas state authorities, not Washington state authorities acting under the ICC, were responsible for providing required Kansas legal materials"); *Salstrom*, 714 P.2d at 877-78 ("We have jurisdiction to address this claim because the WICC provides the prisoner with the same legal rights in the receiving state as he had in the sending state."). The *Demps* court also relied on inapposite authority in noting that "when one state sends a prisoner to another state to serve his sentence, it is the sending state that has the responsibility to ensure that the prisoner has adequate access to the sending state's courts." *Demps*, 696 So. 2d at 1299 (citing *Boyd*, 52 F.3d 820; *Clayton*, 26 F.3d 980; *Rich v. Zitnay*, 644 F.2d 41 (1st Cir. 1981)). Again, *Boyd* and *Clayton* are not analogous to the facts presented here. *Rich* is also distinguishable because it dealt with a state prisoner transferred to federal prison, which also is not the situation here. *See* 644 F.2d at 41 (prisoner "determined to be security risks at the Maine prison and transferred in 1978 to the federal prison").

[5] Defendants also argue that MDOC's Inmate Legal Assistance Program would be unduly burdened if required to provide inmates with legal materials and assistance from other jurisdictions. Doc. #24 at 5–6. While this is an interesting argument, Defendants have not provided any authority indicating why this consideration should be dispositive in this case.

to submit supplemental briefs on the sole issue raised in this case – specifically, as stated above, whether MDOC is required to provide Spearman with legal materials and assistance necessary to challenge his Arkansas convictions.

## Conclusion

For the reasons above, the motion [23] for summary judgment is **DENIED without prejudice**. The parties are to submit supplemental briefs within sixty (60) days of the entry of this order on the sole issue raised in this case. Though the Court does not preclude comprehensive briefing on the issue, the parties should focus on the following:

1. Whether Spearman requested access to Arkansas legal authority before the deadline for filing an application for post-conviction collateral relief as to his Arkansas conviction; in other words, whether Spearman suffered actual prejudice to his legal position due to the acts, or failure to act, of Defendants;

2. Additional authority regarding whether Mississippi has the obligation under the United States Constitution to provide out-of-state legal materials or assistance to Spearman in order for him to pursue his claims in Arkansas;

3. As a practical matter, the form such legal assistance might take if provided; and

4. Whether such legal assistance is required under the Inmate Legal Assistance Program in its current form.

**SO ORDERED**, this 24th day of March, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**