# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

DUANE W. SPEARMAN                                                                    PLAINTIFF

V.                                                                    NO. 4:14-CV-173-DMB-RP

CHRISTOPHER B. EPPS, et al.                                                         DEFENDANTS

## ORDER

On March 24, 2016, the Court denied without prejudice Defendants' motion for summary judgment, ordering the parties to "submit supplemental briefs within sixty (60) days … on the sole issue raised in this case," specifically, whether the Mississippi Department of Corrections ("MDOC") "is required to provide Spearman with legal materials and assistance necessary to challenge his Arkansas convictions when the Arkansas convictions occurred while Spearman was confined to a MDOC facility based on a Mississippi conviction." Doc. #34 at 2, 5. In such supplemental briefing, the Court ordered the parties to focus on, among other points, whether Spearman "suffered prejudice to his legal position due to the acts, or failure to act, of Defendants." *Id.* at 5.

On May 18, 2016, Defendants responded with additional briefing but Spearman did not. Doc. #37. In their additional briefing, for the first time, Defendants, citing Spearman's legal assistance request (attached to the supplement), claimed that Spearman's "first request for assistance from the Inmate Legal Assistance Program ... following the Arkansas Supreme Court's affirmation of his conviction was made on or about May 27, 2014, some nine (9) months after the expiration of his deadline." Doc. #37 at 2; Doc. #37-4. From the supplemental brief and attached documents, it appears Spearman first requested access to Arkansas legal authority well after the time under Arkansas law to file a collateral attack on his Arkansas conviction. This would seem to compel a

finding that Spearman did not suffer legal prejudice from denial of the legal materials. Defendants, however, have not filed another summary judgment motion asserting such as grounds.

Under Rule 56(f) of the Federal Rules of Civil Procedure, "[a]fter giving notice and a reasonable time to respond, the court may … consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

Accordingly, Spearman is **ORDERED**, within fourteen (14) days of the issuance of this order, to file a supplemental brief as ordered in the Court's March 24, 2016, order. Such supplemental brief shall address the timeliness of his request for Arkansas legal authority in relation to his deadline to file for collateral relief from his Arkansas conviction. Should Spearman fail to comply with this direction, his complaint will be subject to dismissal with prejudice for failure to prosecute and for failure to obey a Court order. Alternatively, if Spearman no longer wishes to proceed with this action, he must move the Court within the same 14-day time period to dismiss it.

**SO ORDERED**, this 12th day of May, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**