IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DUANE W. SPEARMAN                                                                                    PLAINTIFF

V.                                                                                         NO. 4:14-CV-173-DMB-RP

CHRISTOPHER B. EPPS, et al.                                                                      DEFENDANTS

**ORDER**

Before the Court is the February 5, 2018, Report and Recommendation of United States Magistrate Judge Roy Percy. Doc. #49.

**I**
**Procedural History**

On or about December 4, 2014, Duane W. Spearman filed a pro se prisoner complaint against several employees of the Mississippi Department of Corrections ("MDOC") alleging that they violated his constitutional rights by failing to provide him with out-of-state legal materials. Doc. #1. On August 14, 2015, the defendants filed a motion for summary judgment. Doc. #23. On or about September 8, 2015, Spearman responded. Doc. #28. On March 24, 2016, this Court denied the motion for summary judgment without prejudice and requested that the parties submit supplemental briefing on the issue of whether MDOC was required to provide Spearman with out-of-state legal materials. Doc. #34.

On May 18, 2016, the defendants submitted their supplemental briefing. Doc. #37. After this Court ordered Spearman to file his supplemental briefing, he did so on or about May 26, 2017. Doc. #44.

On February 5, 2018, United States Magistrate Judge Roy Percy issued a Report and Recommendation recommending that the case be dismissed as to all defendants. Doc. #49. The

Report and Recommendation concludes that MDOC violated Spearman's constitutional right of access to the courts by failing to provide him with out-of-state legal materials but that the defendants are entitled to qualified immunity because Spearman's right to out-of-state legal materials was not clearly established. *Id*. at 10–12.

Spearman acknowledged receipt of the Report and Recommendation on February 6, 2018. Doc. #50. The defendants filed objections to the Report and Recommendation on February 16, 2018. Doc. #51. On or about February 26, 2018, Spearman filed a "Motion for Exten[s]ion." Doc. #52. On or about March 9, 2018, Spearman filed objections to the Report and Recommendation. Doc. #53.

## II
## Analysis

### A. Standard

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the … report and recommendation to which the [parties] specifically raise objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted).

### B. Objections

In his objections to the Report and Recommendation, Spearman argues that the defendants are not entitled to qualified immunity because (1) the defendants "knew they were violating [his] rights" by failing to contact Arkansas authorities and (2) the ILAP, "being trained in Mississippi law and Federal law[,] [was] unreasonable by having electronic means [to access Arkansas legal materials and] absolutely refused to help." Doc. #53 at 1–2. The defendants object to the Report

2

and Recommendation only to "request the Court clarify in its order in this matter that, with regard to jurisdictions outside of Mississippi, the Mississippi Department of Corrections and its staff only need to provide inmates with 'legal materials' from those jurisdictions in order to comport with constitutional requirements." Doc. #51 at ¶ 6. The Court construes this request for clarification as an objection to Judge Percy's conclusion that the defendants violated Spearman's constitutional rights by failing to provide him with out-of-state legal materials.

Courts undertake a two-step analysis in assessing a defendant's claim of qualified immunity. The first inquiry considers "whether the facts that a plaintiff has alleged … make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The second inquiry considers "whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id*. "The judges of the district courts … should be permitted to exercise … discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*. at 236.

To establish that a right was clearly established, "there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). "It is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality." *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) (quotation marks omitted).

Spearman's right to out-of-state legal materials was not clearly established at the time he requested them for two reasons. First, Spearman has not identified, and this Court has been unable to find, binding authority requiring MDOC to provide out-of-state legal materials to prisoners. *See id*. ("Plaintiff … cited nary a pre-existing or precedential case. That alone dooms his case here."). Second, in declining to provide out-of-state legal materials to Spearman, MDOC was following a policy that had been in place for many years and had previously been approved by this Court. *See,*

3

*e.g.*, Doc. #23-3 at ¶ 3; Doc. #37-5. The defendants therefore could not have reasonably understood that their actions violated a constitutional right. Accordingly, they are entitled to qualified immunity.

"When a court holds that certain conduct violates a constitutional right but that the right was not clearly established, the constitutional ruling is arguably dicta." *Hanes v. Zurick*, 578 F.3d 491, 496 (7th Cir. 2009). Having found that the defendants are entitled to qualified immunity because the claimed constitutional right was not clearly established, the Court will adopt the Report and Recommendation to that extent only. The remainder of the Report and Recommendation will be rejected as dicta. *See Tureau v. 2H, Inc.*, No. 13-2969, 2016 WL 1357701, at *1 (W.D. La. Apr. 1, 2016) (adopting report and recommendation but rejecting dicta).

Because the defendants' objections challenge a point of law unnecessary to the disposition of this case, they are overruled as moot. Insofar as the defendants' objections are overruled as moot, Spearman's "Motion for Exten[s]ion," which the Court construes as a request for additional time to respond to the defendants' objections, will be denied as moot. Spearman's objections, which have no bearing on the relevant clearly established inquiry, are also overruled.

### III
### Conclusion

For the reasons above:

1. The Report and Recommendation [49] is **ADOPTED in Part** to the extent it recommends the dismissal of Spearman's claims against the defendants on the ground of qualified immunity.

2. The defendants' objections [51] to the Report and Recommendation are **OVERRULED as moot**.

3. Spearman's motion [52] for additional time to respond to the defendants' objections is **DENIED as moot**.

4. Spearman's objections [53] to the Report and Recommendation are **OVERRULED**.

5. This case is **DISMISSED**.

**SO ORDERED**, this 26th day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**